IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LARRY JEROME WILLIAMS,

    Plaintiff,

vs.                              Case No. 5:08cv110-RS/WCS

WAYNE BEASLEY,
and FRANCIS DAVIS,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    Plaintiff, a *pro se* prisoner, has filed a third amended complaint.  Doc. 14.  Plaintiff has been directed on several occasions to provide a complaint that presents his claims in numbered paragraphs, as is required by Fed. R. Civ. P. 10(b).  Docs. 8, 10, and 13.

    Plaintiff alleged in his last complaint that he was subjected to the use of excessive force during his arrest on September 14, 2006.  Doc. 11.  The Department of Corrections internet site reports that Plaintiff was convicted for obstructing a criminal investigation and fraudulent use of an personal identification card on that date.  Plaintiff has plainly been advised that this court must know to what extent his conviction for

obstructing a criminal investigation depended upon what Plaintiff did during his arrest. Doc. 13.  A claim for excessive use of force cannot be brought if success upon the claim would undermine the conviction for obstruction of a criminal investigation.  *Id.*  Thus, Plaintiff has been ordered to more clearly explain the events about which he complains because it appears those events are "related to the arrest which resulted in his current incarceration."  Docs. 10, 13.  In the last order, Plaintiff was advised it would be his *final opportunity* to submit a complaint that complied with court orders.  Doc. 13.

Before the Court is Plaintiff's third amended complaint.  Doc. 14.  In this document Plaintiff states only that he thinks he had explained his complaint previously and says that he believes he has said everything he needs to say.  Doc. 14.  Plaintiff has not.  Plaintiff does not provide any factual allegations of wrong-doing by any person unrelated to the convictions.  This case should now be dismissed for failing to state a claim.  There is no need to proceed when Plaintiff makes no effort to continue with his case.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's third amended complaint, doc. 14, be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and for failing to comply with court orders, and that the order adopting this report and recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 13, 2009.

          s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.